**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| INFINITY COMPUTER PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PANASONIC CORPORATION OF NORTH AMERICA,<br><br>Defendant. | Civil Action No. 2:12-cv-06803-LDD<br><br>DEMAND FOR JURY TRIAL |

**INFINITY COMPUTER PRODUCTS, INC.'S ANSWERS TO PANASONIC CORPORATION OF NORTH AMERICA'S COUNTERCLAIMS**

Plaintiff Infinity Computer Products, Inc. ("Infinity" or "Plaintiff") files this Answer to the Counterclaims filed by Defendant Panasonic Corporation Of North America ("Panasonic" or "Defendant") on January 24, 2013 (Dkt. No. 12).

## COUNTERCLAIMS

82. No response is required for paragraph 82 of the Counterclaims.

## THE PARTIES

83. Upon information and belief, Infinity admits the allegations in paragraph 83 of the Counterclaims.

84. Infinity admits to the allegations set forth in paragraph 84 of the Counterclaims.

## JURISDICTION AND VENUE

85. Infinity admits to the allegations set forth in paragraph 85 of the Counterclaims to the extent that jurisdiction over the Counterclaims pursuant to 28 U.S.C. § 1331, 1338(a), 2201 and/or 2202 is proper but denies that Panasonic is entitled to the relief requested.

86. Infinity admits to the allegations set forth in paragraph 86 of the Counterclaims.

87. Infinity admits to the allegations set forth in paragraph 87 of the Counterclaims.

88. Infinity admits to the allegations set forth in paragraph 88 of the Counterclaims.

**FIRST CONTERCLAIM**
**(Declaratory Judgment of Non-Infringement and Invalidity of the '811 Patent)**

89. Infinity repeats and incorporates each of the allegations set forth above as though they were fully set forth herein. To the extent that a response is required for the allegations raised in Defendant's Answer, Infinity repeats and incorporates each of the allegations set forth in its Complaint as though they were fully set forth herein, reasserts its allegations that Defendant infringes one or more claims of the '811 Patent, denies Defendant's allegations that the '811 Patent is invalid or unenforceable, denies Defendant's allegations that Defendant does not infringe the '811 Patent, and denies the allegations asserted in the affirmative defenses in paragraphs 48 – 75 of Defendant's Answer as well as any other defenses raised by Defendant.

90. Infinity admits to the allegations set forth in paragraph 90 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Defendant's infringement, reasserts its allegations that Defendant infringes the '811 Patent, denies that the '811 Patent is invalid or unenforceable, and denies any remaining allegations.

91. Infinity admits that Defendant is asserting the allegations set forth in paragraph 91 of the Counterclaims but denies that Defendant is entitled to the relief requested.

92. Infinity admits that Defendant is asserting the Counterclaim set forth in paragraph 92 but denies that it is entitled to the relief requested.

93. Infinity denies the allegations set forth in paragraph 93 of the Counterclaims.

## SECOND COUNTERCLAIM
## (Declaratory Judgment of Non-Infringement and Invalidity of the ’423 Patent)

94. Infinity repeats and incorporates each of the allegations set forth above as though they were fully set forth herein. To the extent that a response is required for the allegations raised in Defendant’s Answer, Infinity repeats and incorporates each of the allegations set forth in its Complaint as though they were fully set forth herein, reasserts its allegations that Defendant infringes one or more claims of the ’423 Patent, denies Defendant’s allegations that the ’423 Patent is invalid or unenforceable, denies Defendant’s allegations that Defendant does not infringe the ’423 Patent, and denies the allegations asserted in the affirmative defenses in paragraphs 48 – 75 of Defendant’s Answer as well as any other defenses raised by Defendant.

95. Infinity admits to the allegations set forth in paragraph 95 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Defendant's infringement, reasserts its allegations that Defendant infringes the '423 Patent, denies that the '423 Patent is invalid or unenforceable, and denies any remaining allegations.

96. Infinity admits that Defendant is asserting the allegations set forth in paragraph 96 of the Counterclaims but denies that Defendant is entitled to the relief requested.

97. Infinity admits that Defendant is asserting the Counterclaim set forth in paragraph 97 but denies that it is entitled to the relief requested.

98. Infinity denies the allegations set forth in paragraph 98 of the Counterclaims.

## THIRD COUNTERCLAIM
## (Declaratory Judgment of Non-Infringement and Invalidity of the '574 Patent)

99. Infinity repeats and incorporates each of the allegations set forth above as though they were fully set forth herein. To the extent that a response is required for the allegations raised in Defendant's Answer, Infinity repeats and incorporates each of the allegations set forth in its Complaint as though they were fully set forth herein, reasserts its allegations that Defendant infringes one or more

claims of the ’574 Patent, denies Defendant’s allegations that the ’574 Patent is invalid or unenforceable, denies Defendant’s allegations that Defendant does not infringe the ’574 Patent, and denies the allegations asserted in the affirmative defenses in paragraphs 48 – 75 of Defendant’s Answer as well as any other defenses raised by Defendant.

100. Infinity admits to the allegations set forth in paragraph 100 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Defendant’s infringement, reasserts its allegations that Defendant infringes the ’574 Patent, denies that the ’574 Patent is invalid or unenforceable, and denies any remaining allegations.

101. Infinity admits that Defendant is asserting the allegations set forth in paragraph 101 of the Counterclaims but denies that Defendant is entitled to the relief requested.

102. Infinity admits that Defendant is asserting the Counterclaim set forth in paragraph 102 but denies that it is entitled to the relief requested.

103. Infinity denies the allegations set forth in paragraph 103 of the Counterclaims.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement and Invalidity of the ’915 Patent)**

104. Infinity repeats and incorporates each of the allegations set forth above as though they were fully set forth herein. To the extent that a response is required for the allegations raised in Defendant’s Answer, Infinity repeats and incorporates each of the allegations set forth in its Complaint as though they were fully set forth herein, reasserts its allegations that Defendant infringes one or more claims of the ’915 Patent, denies Defendant’s allegations that the ’915 Patent is invalid or unenforceable, denies Defendant’s allegations that Defendant does not infringe the ’915 Patent, and denies the allegations asserted in the affirmative defenses in paragraphs 48 – 75 of Defendant’s Answer as well as any other defenses raised by Defendant.

105. Infinity admits to the allegations set forth in paragraph 105 of the Counterclaims to the extent that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists concerning Defendant’s infringement, reasserts its allegations that Defendant infringes the ’915 Patent, denies that the ’915 Patent is invalid or unenforceable, and denies any remaining allegations.

106. Infinity admits that Defendant is asserting the allegations set forth in paragraph 106 of the Counterclaims but denies that Defendant is entitled to the relief requested.

107. Infinity admits that Defendant is asserting the Counterclaim set forth in paragraph 107 but denies that it is entitled to the relief requested.

108. Infinity denies the allegations set forth in paragraph 108 of the Counterclaims.

## PANASONIC'S PRAYER FOR RELIEF

Infinity denies that Panasonic is entitled to the relief requested in subparagraphs (a) through (h) of the Prayer For Relief associated with the Counterclaims or any other relief.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Infinity respectfully demands a jury trial of all issues triable to a jury in this action.

## INFINITY'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each cause of action set forth in Defendant's Counterclaims fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's Counterclaims are barred, in whole or in part, by the equitable defenses of estoppel, waiver, laches and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Defendant has failed to make reasonable efforts to mitigate its damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are subject to a set off based upon Defendant's and/or other parties' acts and wrongdoing.

## INFINITY'S PRAYER FOR RELIEF

WHEREFORE, Infinity prays for judgment against Panasonic as follows:

A. For judgment dismissing Panasonic's Counterclaims with prejudice;

B. For a declaration that this is an exceptional case, and an award to Infinity of its costs and attorneys' fees incurred herein; and

C. That Infinity be awarded such other and further relief as the Court may deem just and proper, including all relief requested in Infinity's Original Complaint.

\

\

Date: February 19, 2013

*/s/ Douglas L. Bridges*

Douglas L. Bridges (*Pro Hac Vice*)
Email: dbridges@hgdlawfirm.com
**HENINGER GARRISON DAVIS, LLC**
169 Dauphin Street, Suite 100
Mobile, Alabama 36602
Telephone: (251) 298-8701 Fax: (205) 547-5504

Robert L. Sachs, Jr., Esq.
E-mail: RSachs@shragerlaw.com
**SHRAGER, SPIVEY & SACHS**
One Commerce Square
2005 Market Street, Suite 2300
Philadelphia, PA 19103
Telephone: (215) 568-7771 Fax: (215) 568-7495

***Attorneys for Infinity Computer Products, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically via the Court's CM/ECF system pursuant to Local Rule 5.1.2, resulting in service on counsel for the Defendant.

Date: February 19, 2013

*/s/ Douglas L. Bridges*
Douglas L. Bridges